**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4395

JESUS IBARRA RODRIQUEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-168-CCB)

Submitted: December 9, 1997

Decided: January 26, 1998

Before LUTTIG and HAMILTON, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark Anthon Van Bavel, WALKER, VAN BAVEL, AMARAL &
MEAD, P.A., Baltimore, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Andrea L. Smith, Assistant United
States Attorney, M. Virginia Miles, Special Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Jesus Ibarra Rodriquez was convicted by a jury of one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C.A. § 846 (West 1994 & Supp. 1997), and one count of criminal forfeiture in violation of 21 U.S.C.A. § 853 (West Supp. 1997). He asserts that his due process rights were compromised because of the quality of the interpretation provided at trial and that the district court erred in enhancing his base offense level for obstruction of justice. Finding no reversible error, we affirm.

Because Rodriquez failed to object to the quality of the interpreter's service during trial, we may only review this alleged error if it was a plain error that affected his substantial rights. See Fed. R. Crim. P. 52(b). See also United States v. Olano, 507 U.S. 725, 731-32 (1993) (holding that the appellant must show there is an error, the error is plain, and it affects the substantial rights of the defendant); United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996).

First, the record does not reveal that an error was made during trial. Rodriquez speaks both Spanish and English which was evident from the wiretapped conversations introduced at trial. Rodriquez also conceded that he understood English and that he only needed an interpreter if he missed a word or a phrase. Furthermore, Rodriquez does not reveal any particular instances where the translation was incorrect.* In fact, when Rodriquez was asked if he would need an interpreter's assistance at sentencing he declined. Finally, Rodriquez did not produce any evidence that the interpreter's alleged shortcomings affected the outcome of his case. Consequently, Rodriquez has failed to prove plain error and his claim is without merit.

_____

*The only contention Rodriquez makes is that the translator needed a sentence repeated and allegedly could not keep up with the trial proceedings.

2

Next, Rodriquez takes exception to the decision of the district court to increase his offense level for obstruction of justice. See U.S. Sentencing Guidelines Manual § 3C1.1 (1996). Rodriquez asserts that the district court failed to make specific findings as to the elements necessary for the adjustment. The court must make a factual finding as to each of the essential elements of perjury before imposing an enhancement. See United States v. Stotts, 113 F.3d 493, 497-98 (4th Cir. 1997). The elements of perjury are that a witness"1) gives false testimony; 2) concerning a material matter; 3) with the willful intent to deceive, rather than as a result of confusion or mistake." Id. at 497 (citing United States v. Dunnigan, 507 U.S. 87, 94 (1993)). The preferable course is for the district court to make specific findings as to each element, but in the alternative, the court may make a "global finding that encompasse[s] the three essential elements." United States v. Smith, 62 F.3d 641, 647 (4th Cir. 1995). We find that the district made a finding that encompassed all the elements of perjury.

The district court found that Rodriquez did more than offer a general denial of guilt and expressly found that his testimony was false. Furthermore, reading the record as a whole, the court implicitly found that the testimony related to a critical and material matter at issue and that this act of perjury was intentional. The record reveals that John Steven Luke, a major figure in an extensive drug conspiracy, purchased approximately twenty pounds of marijuana and more than one-half of a kilogram of cocaine from Rodriquez. This cocaine would then be processed and distributed with the assistance of other members of the conspiracy. Despite this evidence, Rodriquez testified that the conversations between himself and Luke were not about drugs but about paint samples and other noncontraband items.

This Court will view a district court's finding as clear error only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Because the evidence presented at trial overwhelmingly refuted Appellant's testimony and because the district court made a finding that encompassed all of the elements of perjury, we are left with no such conviction.

As there is no merit to Rodriquez's contentions, we affirm the district court's judgment and sentence. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

AFFIRMED

4